# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARTIN AYO | : | DOCKET NO. 2:07-cv-914 |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| WARDEN, FDC-OAKDALE, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Martin Ayo, pursuant to 28 U.S.C. § 2241.  By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Tanzania.  He entered the United States as an immigrant on October 17, 1999. *See* Government Exhibit A.  On March 2, 2006, petitioner was convicted of possession of crack cocaine in a Rhode Island state court.  *Id.*

On September 18, 2006, an immigration judge found petitioner to be removable as charged. *See* Government Exhibit A.  Petitioner waived his right to appeal this decision, so it became final on that date.

On September 21, 2006, a travel document request was submitted to the Tanzanian Consulate on behalf of petitioner.  Following several conversations with consulate officials, it was noted that a money order for $41 needed to be sent to the Tanzanian Embassy. *See* Government Exhibit D. This was done on May 17, 2007.  *See* Government Exhibit B.   Decisions to Continue Detention

were issued on February 28, 2007 and on June 2, 2007 following post-order custody reviews.  *See* Government Exhibits C-1 and C-2.  These decisions were based upon the fact that a travel document request for petitioner was pending with the Tanzanian Consulate.      On May 29, 2007, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention. Petitioner states in his petition that he is subject to a final removal order and has been in post-removal-order custody pursuant to INA § 241 for more than 6 months.  He challenges his detention as indefinite and claims that his removal is not likely to occur in the reasonably foreseeable future. On July 13, 2007, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future.  The response points out that there is no dispute regarding petitioner's identity as a citizen of Tanzania and that Tanzania has not refused to issue a travel document for petitioner.  Thus, the respondent argues that petitioner has failed to establish that his removal is not likely to occur in the reasonably foreseeable future.

## LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498.   The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

After this 6-month period, once the alien provides good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing.  And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, Petitioner has been in post-removal-order detention since September 16, 2006, a period greater than six months.  However, this does not mean that Petitioner is automatically entitled to release.   In order for Petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future.  This showing has not been made in this case.

It is undisputed that petitioner is a Tanzanian citizen, and the petitioner has not produced any evidence to establish that the Consulate of Tanzania has declined to issue a travel document for him.  To support his assertion that his detention is "illegal and indefinite" petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*.  However, in *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543, quoting *Zadvydas*, 121 S.Ct. at 2505.   The Fifth Circuit also held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden

3

of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales,* 459 F.3d at 543-44.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate at this time that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 12, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE